FILED

2016 FEB 12 PM 12: 23

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALU BANARJI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WILSHIRE CONSUMER CAPITAL, LLC d/b/a WILSHIRE CONSUMER CREDIT,<br><br>Defendant. | Case No.: 14-cv-2967-BEN (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO STRIKE**<br><br>**(2) GRANTING MOTION TO DENY CLASS CERTIFICATION** |

Before this Court is a Motion to Strike or Alternatively Deny Class Certification, filed by Defendant Wilshire Consumer Capital ("WCC"). (Docket No. 28.) For the reasons stated below, the Motion to Strike is **DENIED** and the Motion to Deny Class Certification is **GRANTED**.

## BACKGROUND

### I.   Factual Background

Plaintiff Alu Banarji attests that she is the primary caregiver for her father, Sami Banarji. (Opp'n, Decl. of Abbas Kazerounian ("Kazerounian Decl."), Ex. A at 17.) On December 2, 2013, Mr. Banarji took out a loan with WCC. (Mot., Decl. of Francisco Meza ("Meza Decl."), Ex. A.) On the loan application, Mr. Banarji listed his cell phone

number as ending in 0861 and his email address as "alubanarji@gmail.com". (*Id.*) He also listed his daughter, Plaintiff, as a reference and provided a different phone number for her. (*Id.*)

At some point in time, Mr. Banarji failed to make a payment to WCC, and WCC began calling the 0861 number to inquire about the debt. During the relevant time period, the 0861 phone was on a prepaid cell phone plan paid for by Plaintiff. (Kazerounian Decl., Ex. A at 5.) As it turns out, the 0861 cell phone number and the alubanarji@gmail.com address were not Mr. Banarji's; they belonged to Plaintiff. (*Id.*, Ex. A at 6; Ex. B at 5-6.) Plaintiff asserts she has had that phone number since 2012. (*Id.*, Ex. A at 6.)

WCC repeatedly called the 0861 number asking for Mr. Banarji. (Kazerounian Decl., Ex. A at 9, 16; Meza Decl., Ex. C.) Interestingly, someone called WCC at least nine times using the 0861 number. (Meza Decl., Ex. C.) Also, in April 2014, an email exchange between WCC and alubanarji@gmail.com occurred, discussing a way to settle the debt. (Decl. of Frank Kim, Ex. H.) Yet, neither Plaintiff nor Mr. Banarji claim they participated in the exchange. (Kazerounian Decl., Ex. B at 27; Mot., Decl. of Michelle Cooper, Ex. I at 38; Ex. J at 67, 70-78.) Plaintiff claims that she had no involvement with Mr. Banarji's loan, except to pay a bill for him on occasion. (Kazerounian Decl., Ex. A at 7, 13-14.) In addition, Plaintiff asked WCC to stop calling her cell phone multiple times, and asked Mr. Banarji to also convey the same message to WCC. (*Id.* at 9-10, 16.)

## II. Procedural Background

Plaintiff initiated this putative class action on December 17, 2014, alleging a violation of the Telephone Consumer Protection Act ("TCPA"). She also brought a claim under the Rosenthal Fair Debt Collection Practices Act on behalf of herself only. Plaintiff filed the operative First Amended Complaint on February 23, 2015, and Defendant filed an Answer on March 11, 2015. (Docket Nos. 10, 12.) The parties participated in two conferences before the Magistrate Judge and conducted a limited amount of discovery. On November 23, 2015, Defendant filed the instant Motion,

challenging Plaintiff's ability to represent the proposed class.

## DISCUSSION

### I. Motion to Strike

Defendant seeks to strike Plaintiff as a class representative from the First Amended Complaint. (Mot. 4.)

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. The court may do so "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.*

Defendant filed an Answer on March 11, 2015. (Docket No. 12.) Thus, it is improper to bring a motion to strike after Defendant has already responded to the First Amended Complaint.[1] Accordingly, the motion to strike is **DENIED** as untimely.

### II. Motion to Deny Class Certification

Defendant brings a Motion to Deny Class Certification pursuant to Federal Rule of Civil Procedure 23, arguing that Plaintiff's claims are not typical of those of the class.

#### A. Timing of Defendant's Motion

Rule 23 provides that a court must determine whether to certify a class action "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Further, the Ninth Circuit has held that a defendant may bring a motion to deny class certification before the plaintiff moves to certify the class. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009). Although in some cases, the class certification issue cannot be decided without some discovery, such discovery is not always necessary. *Id.*; *see Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975) ("Whether or not discovery will be permitted . . . lies within the sound discretion of the trial court."); *see also Doninger v.*

---

[1] While the Court notes Defendant was given leave to file a "motion to dismiss for lack of standing" (Docket No. 22), the Court does not construe this grant of leave to include a motion under Rule 12(f).

*Pac. Nw. Bell., Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (class certification was properly denied without discovery where plaintiffs could not make a prima facie showing of the Rule 23 prerequisites).

Plaintiff argues that Defendant's motion is premature and that she should be permitted to conduct discovery on the certification issue in order to present "deposition testimony of defendant's technology expert(s), declarations of class members and Plaintiff's technology expert(s)." (Opp'n 13.) The Court notes that limited discovery has already been conducted—particularly, the depositions of Plaintiff and her father have been taken. In addition, the evidence Plaintiff seeks to discover will not affect the uniqueness of Plaintiff's case. The Court therefore finds it appropriate to address Defendant's arguments at this time.

B. Merits of Defendant's Motion

A plaintiff seeking to certify a class must first meet all of the requirements under Federal Rule of Civil Procedure 23(a) and must also satisfy at least one of the prongs of Rule 23(b). Under Rule 23(a), members of a class may sue as representative parties on behalf of all members only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Upon meeting the Rule 23(a) requirements, a plaintiff must then present evidentiary proof that one of the 23(b) prongs has been satisfied. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

Rule 23 is not a "mere pleading standard" and a party seeking class certification "must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). It may be necessary for a court to "probe behind the pleadings before coming to rest on the certification question." *Id.* (citation omitted). In making the class certification determination, a court is required to engage in "rigorous

analysis." *Id.* (citation omitted). That analysis frequently entails "some overlap with the merits of the plaintiff's underlying claim." *Id.*

The TCPA prohibits anyone from using an automated telephone dialing system to call a cell phone number without the called party's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). On July 10, 2015, the Federal Communications Commission issued an order clarifying that the "'called party' is the subscriber, *i.e.*, the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan."[2] *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 ¶ 73 (2015) [hereinafter "2015 FCC Order"]. The Order also states that the "subscriber" is the person charged for the call, and the "non-subscriber customary user[] is the person whose privacy is interrupted by unwanted calls." *Id.* at ¶ 74.

Defendant specifically challenges Plaintiff's ability to meet the typicality requirement in Rule 23(a)(3). The Ninth Circuit construes the typicality requirement permissibly and requires only that the representative's claims be "reasonably co-extensive with those of absent class members." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). The claims of the putative class members need not be substantially identical to those of the putative members. *Id.* However, if unique defenses exist that threaten to divert the focus of the litigation to the detriment of the class as a whole, the typicality requirement is not satisfied. *Id.*; *see also J.H. Cohn & Co. v. Am. Appraisal Assocs.*, 628 F.2d 994, 999 (7th Cir. 1980) ("[T]he presence of even an arguable defense peculiar to the named plaintiff or the small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representative.").

///

---

[2] The FCC's clarification of "called party" is entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). *See also* 47 U.S.C. § 227(b)(2).

While it is true that Plaintiff was probably annoyed by unwanted robocalls, which would be the expected sentiment of the proposed class, Plaintiff's case is unique to herself and perhaps a small subset of the class. Plaintiff's phone number was given to WCC by her father. Plaintiff's father indicated that Plaintiff's phone number was in fact his own. And, based upon the circumstances of how the Banarji family looks after one another, Plaintiff's father may be a non-subscriber customary user of the phone line, which would give him the authority to consent to receiving robocalls on that line. As such, the majority of the proposed class may suffer as Plaintiff will be engrossed with disputing WCC's arguments regarding Plaintiff's individual case. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) ("[A] named plaintiff's motion for class certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'")).

Plaintiff's claim is not typical of the proposed class's claims. Accordingly, the Motion to Deny Class Certification is **GRANTED**.

## CONCLUSION

Defendant's Motion to Strike is **DENIED**. Defendant's Motion to Deny Class Certification is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February __, 2016

HON. ROGER T. BENITEZ
United State District Judge